```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**RICO HAIRSTON,**

        Plaintiff,

  vs.                                      Civil Action 2:16-cv-0055
                                                Chief Judge Sargus
                                                Magistrate Judge King

**UNITED STATES OF AMERICA,**

        Defendant.

## REPORT AND RECOMMENDATION

This action was filed on January 20, 2016, naming the United States of America as a defendant. *Complaint*, ECF No. 1. On the same day, a summons was issued by the Clerk to the "U. S. Attorney for the Southern District of Ohio." *Summons*, ECF No. 2. There has been no return of service.

On April 22, 2016, the Court ordered plaintiff to show cause why the action should not be dismissed for failure to timely effect service of process. *Order*, ECF No. 3. The Court also specifically advised plaintiff that "he must submit a copy of the complaint, a completed summons, and a Marshal service form for the United States Attorney for the Southern District of Ohio *and* the United States Attorney General." *Id*. (citing Fed. R. Civ. P. 4(i)(1)(A) and (B)). This matter is now before the Court on defendant's motion to dismiss the action for failure to effect proper service of process. *Motion to Dismiss*, ECF No. 5.

In his response to the *Motion to Dismiss*, plaintiff asserts that, on July 6, 2016, he "issued a copy of the signed summons and a copy of the Complaint, to the Attorney General of the United States of America in Washington D.C. via U.S. certified mail." *Plaintiff's Response to*

1

*the Defendant's Motion to Dismiss*, ECF No. 6. Thus, plaintiff contends, the issue of service has been resolved and the *Motion to Dismiss* should be denied as moot. *Id*.

As plaintiff was advised in the April 22, 2016 *Order*, proper service on the United States requires delivery of "a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and the sending, by registered or certified mail, of a copy of the summons and of the complaint "to the Attorney General of the United States at Washington, D.C. . . ." Fed. R. Civ. P. 4(i)(1)(A)(i), (B). Moreover, a summons must, *inter alia*, "be directed to the defendant." Fed. R. Civ. P. 4(a)(1). Proof of service under the circumstances presently before this Court must be made to the court by affidavit of the server. Fed. R. Civ. P. 4(*l*)(1).

The record in this action – which has now been pending for six (6) months – does not reflect proper service of process. The United States concedes that "the United States Attorney's Office received the summons and Complaint via Certified Mail on April 26, 2016." *Motion to Dismiss*, PageID# 12. However, the only summons apparently issued by the Clerk was addressed, not to the defendant United States of America, but to "U.S. Attorney for the Southern District of Ohio." *Summons*. Moreover, proof of service has not been properly made to this Court by way of affidavit of the server.

For these reasons, it is **RECOMMENDED** that the action be dismissed, without prejudice, for failure to timely effect proper service of process unless, within fourteen (14) days, plaintiff establishes, by affidavit of the server, proof of proper service on the defendant United States of America and on the United States Attorney for the Southern District of Ohio.

If any party seeks review by the District Judge of this *Report*

and *Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

July 20, 2016                                   *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge